UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS POWELL,

    Plaintiff,

v.

KANISHA (BAILEY) HENRY, BRUCE
CARLSON and RENALDO GARZA,

    Defendants.
_____/

CASE NO. 05-CV-70435-DT
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL KOMIVES

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

I.    **OPINION**

A.    *Procedural Background*

Plaintiff Lewis Powell is a former state prisoner. At the times relevant to this action Powell was incarcerated at Thumb Correctional Facility. Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983. Defendants are Resident Unit Officers Kanisha (Bailey) Henry, Bruce Carlson and Renaldo Garza. Plaintiff alleges that he and defendant Carlson engaged in a sexual relationship, in violation of the Eighth Amendment, during an approximately five month span while plaintiff was an inmate at Thumb Correctional Facility. Plaintiff also alleges that the remaining defendants, Officers Henry and Garza, enabled Carlson to carry out his sexual activities with plaintiff in violation of the Eighth Amendment.

On February 24, 2006, plaintiff filed a motion for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a). Plaintiff argues that because he has no way of knowing exactly who was working at the time of the sexual assaults, that plaintiff must add every single employee who was

1

on duty during the five month span in which the sexual assaults occurred. Defendants Henry and Garza filed a response to the motion on March 6, 2006.

B.     *Leave to Amend Standard*

Ordinarily, Rule 15(a) mandates that leave to amend 'shall be given when justice so requires.' As with all of the Federal Rules of Civil Procedure, this rule "shall be construed and administered to secure the just, speedy and inexpensive determination of every action." Fed. R. Civ. P. 1. Generally, the courts have shown "a strong liberality . . . in allowing amendments under Rule 15(a)." *Tahir Erk v. Glenn L. Martin Co.*, 116 F.2d 865 (4th Cir. 1941). The Supreme Court has supported this trend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend is within the sole discretion of the district court. *Id.* Unless the district court finds that the amendment causes undue delay, is made in bad faith or dilatory motive on the part of the movant, is preceded by repeated failure to cure deficiencies by previous amendments, will result in undue prejudice by virtue of allowance of the amendment or that the amendment is futile, leave to amend should be freely given. *Id.* However, if these factors are absent, refusal to grant the leave would constitute an abuse of discretion. *Id.* In short courts should construe liberally Rule 15(a) in favor or permitting amendment. *See Greenberg v. Life Ins. Co. Of Va.*, 177 F.3d 507, 522 (6th Cir. 1999); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Nevertheless, as *Foman* makes clear there are certain situations in which it is appropriate to deny leave to amend. One such circumstance that is particularly relevant in this case is when the amendment would be "futil[e]." *Foman*, 371 U.S. at 182; *see also, Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003). Ordinarily, in assessing the futility of a proposed amended pleading, a court should examine only the sufficiency of the pleading on its face. However, when as here the motion to amend is filed contemporaneously with a motion for summary judgment, the Court may

2

properly look to the affidavits and other evidence in the record.  "Faced with the affidavits and documentary evidence filed by the defendants in support of summary judgment, the court cannot assess the proposed amended complaint as if that evidence does not exist." *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1414 (S.D. Ind. 1996).  In such a case, therefore, the proposed amended complaint is futile under Rule 15(a) not only if it would fail to survive a motion to dismiss for failure to state a claim, but also if the amended pleading could not survive a motion for summary judgment.  *See Bauchman v. West High Sch.*, 132 F.3d 542, 561-62 (10th Cir. 1997); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989); *Smith*, F. Supp. at 1414.

C.    *Analysis*

Plaintiff Powell moves for leave to amend the complaint. Plaintiff claims that without further opportunity for discovery, he has no other choice but to amend the complaint to include every employee on duty at Thumb Correctional Facility during the five month period in which Defendant Carlson sexually assaulted Plaintiff Powell.

    1.    *Addition of Lieutenant Joe Ardzella*

Plaintiff contends that proposed defendant Ardzella "knew or should have known, that defendant Carlson would use, or was using, his position as a corrections officer to force prisoners, such as Plaintiff, to engage in sex with him." Pl.'s Proposed Amended Compl., ¶ 70.  Additionally, plaintiff Powell contends that proposed defendant Ardzella "did nothing to protect Plaintiff from abuse and ignored the fact that defendant Carlson lied to Defendant Garza."  *Id.* at ¶ 69.

With respect to proposed defendant Ardzella, allowing leave to amend the complaint would be futile.  Proposed defendant Ardzella's actions are examined under the "deliberate indifference" standard from *Farmer v. Brennan*, 511 U.S. 825, 839 (1994).  Under the "deliberate indifference" standard proposed defendant Ardzella can be liable for cruel and unusual punishment under the

Eighth Amendment only if he" knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  However, the official cannot be liable for a risk of which he is unaware. *Id.* at 837   An "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.*  Plaintiff Powell does not allege that proposed defendant Ardzella actually made that inference.  Plaintiff Powell simply alleges that because defendant Garza told proposed defendant Ardzella that Carlson and Powell were spending a large amount of time together and that Ardzella knew that Carlson falsely told Garza he was on a covert mission, that Ardzella made the inference that Carlson was sexually assaulting Powell.

Here, *Beers-Capitol v. Whetzel*, 256 F.3d 120 (3rd Cir. 2001), is instructive.  In *Beers-Capitol*, plaintiffs Beers-Capitol and Tate were housed in YDC, a juvenile offenders institution. Beers-Capitol and Tate were housed in Unit 7. *Id.* at 126.  During her incarceration, Beers-Capitol was assaulted by Whetzel, a youth development aide in Unit 7.  *Id.* at 128.  Joseph Fletcher, was the unit manager for Unit 7 during the relevant time period.  He learned of Whetzel's assault on Beer's Capitol from Shirley Robinson, a youth development aide in Unit 7.  Plaintiff's alleged that Fletcher was deliberately indifferent because he had notice of but did not adequately respond to Whetzel's abusive activities. *Id.* at 139.  The court found that Fletcher's knowledge of Beers-Capitol's allegations was not enough to show that Fletcher knew of the risk to Tate. *Id.* at 140.

Proposed defendant Ardzella has less knowledge than Fletcher in *Beers-Capitol*.  Ardzella simply knew that Powell and Carlson were spending an inordinate amount of time together and that Carlson had lied about being on a covert mission.  Proposed defendant Ardzella did not have any knowledge of allegation of previous sexual assault as did Fletcher in *Beers-Capitol*.  Hence, there is no genuine issue of material fact.  Thus, plaintiff Powell's proposed claims against proposed

4

defendant Ardzella cannot survive summary judgment.

Therefore, because the proposed claims against proposed defendant Ardzella cannot survive summary judgment, amending the complaint to include those claims would be futile. Since amending the complaint to include these claims would be futile, a grant of leave to amend is not warranted with respect to proposed defendant Ardzella.

2. *Addition of Officer/Inspector Hutchinson*

Plaintiff contends that proposed defendant Hutchinson was told of plaintiff Powell's problems and that he "failed to act in a timely manner and failed to protect Powell exposing him to yet another forced sexual advance with Carlson." Pl.'s Proposed Amended Compl., ¶¶' 71-72.

With respect to proposed defendant Hutchinson allowing leave to amend the complaint would be futile. Proposed defendant Hutchinson's actions are examined under the "deliberate indifference" standard from *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Under the "deliberate indifference" standard proposed defendant Hutchinson can be liable for cruel and unusual punishment under the Eighth Amendment, only if he" knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. However, the official cannot be liable for risk of which he is unaware. *Id.* at 837   As noted above, an "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.* Additionally, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *Id.* at 844-45. As with Ardzella, plaintiff Powell does not allege that proposed defendant Hutchinson actually made that inference or acted unreasonably under the circumstances. Plaintiff Powell simply alleges that proposed defendant Hutchinson was told of "the problems" that Powell was having with Carlson and

that he failed to investigate in a timely manner.

Again, *Beers-Capitol*, is instructive. In *Beers-Capitol*, Charles Earnhart was the Director of Unit 7. *Id.* at 138. Earnhart was aware of Beer's-Capitol's allegation of sexual abuse and undertook an investigation into the matter by calling Beer's-Capitol to determine if the allegations were true. *Id.* The court found that although Earnhart's investigation could have been better, it was not enough to "clear the high bar set by *Farmer*: raising an inference that he 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" *Beers-Capitol, 256 F.3d at 139 (quoting Farmer*, 511 U.S. at 846).

Hutchinson's actions are similar to those of Earnhart. Hutchinson learned of Powell's "problems" with Carlson and met with Powell a few days later. As with Earnhart in Beer's-Capitol, Hutchinson's actions do not "clear the high bar set by *Farmer*: raising an inference that he 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" *Id.* Hence, there is no genuine issue of material fact with respect to the proposed claims against proposed defendant Hutchinson. Thus, plaintiff Powell's proposed claims against proposed defendant Hutchinson cannot survive summary judgment.

Therefore, because the proposed claims against proposed defendant Hutchinson cannot survive summary judgment, amending the complaint to include those claims would be futile. Since amending the complaint to include these claims would be futile, a grant of leave to amend is not warranted with respect to proposed defendant Hutchinson

3.   *Addition of Remaining Proposed Defendants*

Plaintiff contends that the remaining proposed defendant's "knew, or should have known, that defendant Carlson would use, or was using, his position as a correctional officer to force prisoners, such as plaintiff, to engage in sex with him. Pl.'s Proposed Amended Compl., ¶¶'s 74-

117.

With respect to the remaining proposed defendants, allowing leave to amend the complaint would be futile. As with defendants Garza and Henry, Powell alleges that all of the remaining proposed defendants knew or should have known that Carlson was sexually assaulting him because they knew that he and Carlson and Powell were spending an inordinate amount of time together. For the reasons explained in my Report & Recommendation on defendants Henry and Garza's motion for summary judgment, filed on this date, these allegations are insufficient as a matter of law to state a claim of deliberate indifference against these defendants. See Report & Recommendation, at 7-9.

Therefore, because the proposed claims against the remaining proposed defendants cannot survive summary judgment, amending the complaint to include those claims would be futile. Since amending the complaint to include these claims would be futile, a grant of leave to amend is not warranted with respect to the remaining proposed defendants.

II.     **ORDER**

In view of the foregoing, it is ORDERED that plaintiff's motion for leave to amend the complaint is hereby DENIED. The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


                                                     s/Paul J. Komives
                                                     UNITED STATES MAGISTRATE JUDGE
DATED:_7/28/06                            PAUL J. KOMIVES

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 28, 2006.
>
>                                     s/Eddrey Butts  
>                                     Case Manager