UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS POWELL,

    Plaintiff,

v.

KANISHA (BAILEY) HENRY, BRUCE
CARLSON and RENALDO GARZA,

    Defendants.
_____/

CASE NO. 05-CV-70435-DT
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION**

I.    <u>RECOMMENDATION</u>: The court should grant defendants Henry and Garza's motion for summary judgment.

II.    <u>REPORT</u>:

A.    *Procedural Background*

Plaintiff Lewis Powell is a former state prisoner. At the times relevant to this action Powell was incarcerated at Thumb Correctional Facility. Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983. Defendants are Resident Unit Officers Kanisha (Bailey) Henry, Bruce Carlson and Renaldo Garza. Plaintiff alleges that he and defendant Carlson engaged in a sexual relationship, in violation of the Eighth Amendment, during an approximately five month span while plaintiff was an inmate at Thumb Correctional Facility. Plaintiff also alleges that the remaining defendants, Officers Henry and Garza, enabled Carlson to carry out his sexual activities with plaintiff in violation of the Eighth Amendment.

On March 6, 2006, defendants Garza and Henry filed a motion for summary judgment

pursuant to Fed. R. Civ. P. 56(b). Defendants argue that plaintiff's claims against them must be dismissed for lack of a genuine issue of material fact with respect to the merits of plaintiff's claim and that they are therefore entitled to judgment as a matter of law. Plaintiff filed a response motion on April 17, 2006. Defendants filed a reply brief in support of summary judgment on April 24, 2006.

B.      *Summary Judgment Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*,

477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.   *Analysis*

Defendants Garza and Henry move for summary judgment on all of plaintiff's claims against them. They claim that plaintiffs claims must be dismissed because the plaintiff has failed to establish a genuine issue of material fact with respect to his claims and that plaintiff's substantive due-process claims should be dismissed because it is subsumed by the Eighth Amendment.

   1.   *Eighth Amendment Claim*

Plaintiff contends that defendants Garza and Henry failed to protect him, enabling defendant Carlson to engage in a sexual relationship with him amounting to cruel and unusual punishment under the Eighth Amendment. Defendants Garza and Henry contend that they are entitled to

3

summary judgment because they had no knowledge of the sexual relationship between plaintiff and defendant Carlson. *See* Def.s' Br., Ex. 4, Aff. of Kenisha (Bailey) Henry, ¶¶ 3-6. *See also* Def.s' Br., Ex. 6, Aff. of Renaldo Garza, ¶ 6.

The Court should conclude that defendants Garza and Henry are entitled to summary judgment because plaintiff's allegations, even if accepted as true, do not establish an Eighth Amendment violation.

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also, Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The amendment imposes affirmative duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

If the offending conduct is not a criminal penalty, then it must reflect an "'unnecessary and wanton infliction of pain'" to come within Eighth Amendment's prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Such claims must satisfy both an objective and a subjective test. *Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). The plaintiff bears the burden of proving these elements by a preponderance

of the evidence. *Brooks*, 39 F.3d at 127-28.

The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. *McMillian*, 503 U.S. at 8-9; *Rhodes*, 452 U.S. at 349 (1981). To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 349. The objective component is contextually driven and is responsive to "'contemporary standards of decency.'" *McMillian*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. at 103).

The subjective prong asks whether the officials acted with a sufficiently culpable state of mind; that is, was the conduct "wanton." *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104-06. Under this "deliberate indifference" standard,

> a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

*Farmer*, 511 U.S. at 847.

However, the official cannot be liable for risk of which he is unaware. *Id.* at 837 An "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Id.* A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *Id.* at 843-44. However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *Id.* at 844-45.

The plaintiff has satisfied the objective prong requiring that the conduct alleged is sufficiently serious to warrant Eighth Amendment protection. It is clear that the plaintiff has a constitutional right to be secure in his bodily integrity and free from attack by prison guards. *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993). It is equally clear that sexual assault by a prison guard can constitute the 'unnecessary and wanton infliction of pain' that is barred by the Eighth Amendment. *Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997). Therefore, plaintiff's allegations of sexual assault by defendant Carlson clearly warrant Eighth Amendment protection.

Plaintiff, however, has failed to satisfy the subjective prong. Plaintiff proffers no evidence to support the contention that defendants Garza and Henry made the necessary inference that would subject them to liability under the deliberate indifference standard. Viewed in the light most favorable to the plaintiff, the level of knowledge of defendants Henry and Garza is not enough to render them liable under the 'deliberate indifference' test.

First, Powell alleges that RUO Kanisha (Bailey) Henry, who was assigned to level IV along with Carlson, allowed Carlson to come to his cell and spend long periods of time standing in his cell door. (Affidavit of Lewis Powell ¶ 6). Additionally, Powell alleges that Henry was aware that Carlson would take Powell to private areas and that Carlson and Powell would disappear together for long periods of time. (Affidavit of Lewis Powell ¶ 7). Powell makes no specific allegations as to Henry's knowledge of any sexual assault on Powell by Carlson. Powell never told Henry of the sexual assaults. Eventually, the inordinate amount of time Powell was spending outside his cell caused Henry to notify a supervisor. (Dep. Of Kanisha Henry, pg. 61 ln. 1-9).

Powell makes similar allegations as to Officer Garza's knowledge regarding the relationship between Carlson and Powell. Powell alleges that Officer Garza would allow Carlson to stand in the doorway of Powell's cell for long periods of time and on occasion ordered Powell to go with

6

Carlson. (2006 Affidavit of Lewis Powell ¶¶ 15, 17). As with Henry, Powell makes no specific allegations as to Officer Garza's knowledge regarding any sexual assualt on Powell by Carlson. Powell never told Garza of the sexual assaults. Like Henry, Garza eventually found Carlson's behavior to be suspicious and reported it to his superior, Lieutenant Ardzella. (Dep.of Officer Renaldo Garza, pg. 35 ln. 17-20).

The decision in *Beers-Capitol v. Whetzel*, 256 F.3d 120 (C.A.3 Pa. 2001), is instructive. In *Beers-Capitol*, plaintiffs Beers-Capitol and Tate were housed in YDC, a juvenile offenders institution. Beers-Capitol and Tate were housed in Unit 7. *Id.* At 126. During her incarceration, Beers-Capitol was assaulted by Whetzel, a youth development aide in Unit 7. *Id.* At 128. Beers-Capitol told another youth development aid in Unit 7, Shirley Robinson, that Whetzel had sex with her and had gotten her pregnant. *Id.* Robinson reported the allegations but these allegations were never confirmed. Aliya Tate was also sexually assaulted by Whetzel in her time at YDC. *Id.* At 129. After several sexual encounters, Tate reported the assaults. *Id.*

Plaintiff Tate claimed that Shirley Robinson was deliberately indifferent because she failed to act when presented with evidence of Whetzel's abuse of Beers-Capitol that should have alerted Robinson to the risk posed to Tate. *Id.* At 143. Shirley Robinson had knowledge of the previous allegation of sexual assault made by Beers-Capitol before Tate was assaulted by Whetzel. However, the court determined that knowledge of that allegation was not a sufficient basis on which to conclude that Robinson made the requisite inference to render her deliberately indifferent of the risk posed to Tate. *Id.* at 144.

Here, Powell makes a claim similar to that of Tate. Like Tate, Powell claims that the knowledge of Officer Henry and Garza described above is a sufficient basis on which to conclude that both drew the requisite inference necessary to render Henry and Garza deliberately indifferent.

7

However, unlike Tate, there is far less evidence that Henry and Garza drew the inference that Powell was being sexually assaulted. In *Beers-Capitol*, Robinson had actual knowledge of an alleged assault by Whetzel. Henry and Garza had no such knowledge. Powell simply claims that Henry and Garza should have known he was being sexually assaulted because Henry and Garza saw Powell spending a lot of time with Carlson. This level of knowledge is far less than the level of knowledge of Shirley Robinson. This court should conclude that plaintiff Powell has failed to provide evidence that would form a sufficient basis for a jury to conclude that Henry and Garza drew the requisite inference necessary to render both deliberately indifferent. *See also*, *Decosta v. Medina County*, No. 1:04CV1118, 2006 WL 1474000, at *6 (N.D. Ohio May 24, 2006).

Essentially, plaintiff alleges nothing more than that defendants Henry and Garza had sufficient information from which they *could have* inferred that defendant Carlson was sexually assaulting him, and therefore that they *should have* known of the assault. The law is clear, however, that this is insufficient to support a finding of deliberate indifference. The Court in *Farmer* explicitly held deliberate indifference cannot be established merely by showing that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *Farmer*, 511 U.S. at 837. Rather, the prison official "must also draw the inference." *Id*. As the Sixth Circuit has explained, under this standard "[i]t is not enough that there was a danger of which an officer should objectively have been aware. . . . If an officer fails to act in the face of an obvious risk of which he should have known but did not, the officer has not violated the Eighth or Fourteenth Amendments." *Watkins v. City of Battle Creek*, 273 F.3d 682, 686 (6th Cir. 2001); *see also*, *Farmer*, 511 U.S. at 838 ("[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."). Because plaintiff has offered nothing to show that

8

defendants Garza and Henry actually knew of Carlson's conduct, the Court should conclude that they are entitled to summary judgment.

    2.    *Substantive Due Process*

Plaintiff also alleges that defendants Henry and Garza violated his right to due process of law by failing to stop Carlson's sexual assaults. It is not clear from plaintiff's complaint whether this claim is invoked solely by virtue of the fact that the Eighth Amendment is applicable to the states only through the Fourteenth Amendment's due process clause, or because plaintiff is attempting to assert a substantive due process claim independent of his Eighth Amendment claim. To the extent that plaintiff attempts the latter, the Court should dismiss plaintiff's Fourteenth Amendment claim.

As the Supreme Court has noted, "[w]here a particular Amendment 'provides an explicit source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notions of "substantive due process," must be the guide for analyzing [a plaintiff's] claims.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Because the Eighth Amendment provides an explicit source of constitutional protection for prisoners claiming deliberate indifference to their safety, plaintiff's claims are controlled by the Eighth Amendment, and he cannot assert a substantive due process claim. *See Whitley v. Albers*, 475 U.S. 312, 326-27 (1986); *Lunsford v. Bennett*, 17 F.3d 1574, 1583 (7th Cir. 1994).

D.    *Conclusion*

In view of the foregoing, the Court should grant the defendants Henry and Garza's motion for summary judgment.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within (10) days of service of copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of Objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely file objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

DATED:7/28/06

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 28, 2006.

s/Eddrey Butts
Case Manager