UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEWIS POWELL,

    Plaintiff,

                         CASE NO. 05-CV-70435-DT
                         JUDGE ARTHUR J. TARNOW
                         MAGISTRATE JUDGE PAUL J. KOMIVES

    v.

KANISHA BAILEY,
GARZA and
BRUCE CARLSON,

    Defendants.
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS GARZA AND HENRY'S MOTION FOR A STAY OF DISCOVERY
(Doc. Ent. 8)**

**I.    OPINION**

**A.    Procedural History**

On February 4, 2005, plaintiff, through his counsel, filed a complaint against Thumb Correctional Facility (TCF) Corrections Officers Kanisha Bailey, Officer Garza and Bruce W. Carlson.  Plaintiff alleges violations of his Eighth Amendment and substantive due process rights.  He seeks declaratory, compensatory and punitive damages, as well as an award of attorney fees and costs.

On May 3, 2005, defendants Kanisha (Bailey) Henry and Renaldo Garza filed an answer to the complaint, a statement of affirmative defenses and a jury demand.  On the same day, Judge Tarnow referred this case to me to conduct pretrial matters and to issue a report and recommendation with respect to dispositive matters.

On May 13, 2005, defendant Bruce Carlson filed a motion to appoint counsel. On May 18, 2005, I entered an order conditionally granting defendant Carlson's request. On October 25, 2005, I entered an order granting defendant Carlson's motion to appoint counsel and appointing attorney John R. Minock to represent defendant Carlson.

On February 24, 2006, plaintiff filed a motion for leave to amend his complaint to add several individuals as defendants. On March 6, 2006, defendants Garza and Henry filed a motion for summary judgment in which they argued that (I) plaintiff's "Eighth Amendment claim should be dismissed because Defendants Garza and Henry did not have actual knowledge of the sexual activity between Powell and Carlson[,]" (II) "Defendants Garza and Henry are entitled to qualified immunity[,]" and (III) "[t]he substantive-due-process claim should be dismissed because it is subsumed by the Eighth Amendment claim, which also should be dismissed." (Doc. Ent. 19).

On July 28, 2006, I entered an opinion and order denying plaintiff's motion for leave to amend, as well as a report and recommendation that the Court grant defendants Henry and Garza's motion for summary judgment. My opinion and order denying plaintiff's motion for leave to amend acknowledged plaintiff's claim that, without further opportunity for discovery, he has no other choice but to amend the complaint to include every employee on duty at TCF during the five month period in which defendant Carlson sexually assaulted Plaintiff Powell. However, the opinion and order also explained the futility of amending the complaint as proposed in the motion. This report and recommendation is currently pending before the Court. No objections to the report and recommendation have been filed.

**B.     Defendants Garza and Henry's Motion for a Stay of Discovery**

On March 6, 2006, defendants Garza and Henry filed a motion for a stay of discovery. (Doc. Ent. 20). They have already been deposed; however, they claim that "it is highly likely that they will be subjected to much more discovery before a decision on their pending motion can be decided." Doc. Ent. 20 ¶ 2. According to defendants Garza and Henry, "[w]hen the defense of qualified immunity is asserted, and until this Court rules on Defendants' dispositive motion and determines whether Plaintiff has a viable legal theory upon which to proceed, Defendants must be relieved of the time, undue burden and expense involved in responding to discovery." Doc. Ent. 20 ¶ 3.

Concurrence in this motion was granted by counsel for defendant Carlson but was denied by counsel for plaintiff. Doc. Ent. 20 ¶ 4. This motion is unopposed on the papers;[1] however, in light of defendants Garza and Henry's claim that plaintiff did not concur in the relief sought, I will address this motion on the merits. I also proceed to the merits of plaintiff's motion even though it just anticipates discovery rather than takes issue with a specific discovery request.

**C.    Fed. R. Civ. P. 26**

Fed. R. Civ. P. 26(b) governs the scope and limits of discovery. Defendants Garza and Henry's motion for a stay of discovery relies upon the Court's ability to limit discovery pursuant to Fed. R. Civ. P. 26(b)(2). Doc. Ent. 20 at 7. That rule provides, in pertinent part:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less

---

[1] E. D. Mich. LR 7.1(b) provides that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." Furthermore, E. D. Mich. LR 7.1(d)(2)(B) provides that "[a] response to a nondispositive motion must be filed within 14 days after service of the motion."

>burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit,
>taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

Fed. R. Civ. P. 26(b)(2)(C).

**D.      Defendant's Motion for Protective Order Staying Discovery Is Granted.**

In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court of the United States considered "the scope of the immunity available to the senior aides and advisers of the President of the United States in a suit for damages based upon their official acts." *Harlow*, 457 U.S. at 802.  The Supreme Court stated, in part: "we conclude today that bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery.  We therefore hold that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 817-818.  Furthermore, the Supreme Court stated: "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818-819.

In its motion for a stay of discovery, defendants Garza and Henry relies primarily upon the Supreme Court's decision in *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).[2]  Therein, the

---

[2] Defendants Garza and Henry also cite to *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery[,]", and "[t]he entitlement is an immunity from suit rather than a mere defense

4

Supreme Court stated that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (citing *Anderson v. Creighton*, 483 U.S. 635, 646, n. 6 (1987)). "[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El*, 523 U.S. at 598 (citing *Harlow*, 457 U.S. at 818). "[T]he judge should give priority to discovery concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took, since that defense should be resolved as early as possible." *Crawford-El*, 523 U.S. at 600.

Defendants seek "a stay of discovery until this Court has an opportunity to resolve the qualified immunity issue." They claim to have "agreed to some discovery, including their depositions." However, they maintain that "[b]ecause the evidence establishes that they are entitled to qualified immunity, [they] should not be subjected to further discovery." Doc. Ent. 20 at 6.

In light of defendants (1) Garza and Henry's dispositive motion which asserts that they are entitled to qualified immunity, (2) the Supreme Court's decision in *Crawford-El*, (3) the reasons set forth in my July 28, 2006 report recommending that defendants Henry and Garza's

---

to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.") and the Supreme Court's recognition in *Saucier v. Katz*, 533 U.S. 194, 200-201 (2001) that immunity questions should be addressed as early as possible.

motion for summary judgment be granted,[3] and (4) Fed. R. Civ. P. 26(b)(2)(C)(iii), defendants Garza and Henry's motion for a stay of discovery is granted.

## II. Order

Consistent with the foregoing opinion, defendants Garza and Henry's motion for a stay of discovery pending the Court's decision on the pending motion for summary judgment, which raises qualified immunity (Doc. Ent. 20) is GRANTED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 2/7/07

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 7, 2007.
>
> s/Eddrey Butts
> Case Manager

---

[3] I stated that the Court should conclude that defendants Garza and Henry are entitled to summary judgment because plaintiff's allegations, even if accepted as true, do not establish an Eighth Amendment violation. Doc. Ent. 25 at 4. I further stated that because the Eighth Amendment provides an explicit source of constitutional protection for prisoners claiming deliberate indifference to their safety, plaintiff's claims are controlled by the Eighth Amendment, and he cannot assert a substantive due process claim. Doc. Ent. 25 at 9.