Powell v. (Bailey) Henry, *et al*, Case No. 05-70435

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| LEWIS POWELL, | ) | Case No. 05-70435 |
| | ) | |
| Plaintiff. | ) | Arthur J. Tarnow |
| | ) | District Judge |
| v. | ) | |
| | ) | Paul Komives |
| KANISHA (BAILEY) HENRY, BRUCE | ) | Magistrate Judge |
| CARLSON and RENALDO GARZA, | ) | |
| | ) | |
| Defendants. | | |

### ORDER ADOPTING REPORT AND RECOMMENDATION [DE 25], GRANTING DEFENDANTS HENRY AND GARZA'S MOTION FOR SUMMARY JUDGMENT [DE 19]

### I. INTRODUCTION

This is a prisoner civil rights case. The Plaintiff alleges violations of the Eighth and Fourteenth Amendments because of sexual abuse by one Defendant corrections officer, that two other officers (Movants here) failed to prevent. The Court referred the case to Magistrate Judge Komives for report and recommendation on all dispositive matters. The Magistrate Judge recommends that Defendants' Motion for Summary Judgement [19] be granted. Plaintiff filed no objections.

The Court has reviewed the report and recommendation and the pleadings. For the reasons that follow, the report and recommendation is adopted, and Defendants' motion for summary judgment is granted.

### II. DISCUSSION

The Magistrate Judge recommends that the Defendants' motion for summary judgment should be granted, because even if Plaintiff's allegations are taken as true, he has not established an

Powell v. (Bailey) Henry, *et al*, Case No. 05-70435

Eighth Amendment violation. In addition, Plaintiff cannot assert a substantive due process claim, because the Eighth Amendment is the explicit source of constitutional protection in this context.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Eighth Amendment prohibition on cruel and unusual punishment extends to "unnecessary and wanton infliction of pain." Demonstrating an Eighth Amendment violation requires meeting both objective and subjective tests. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's allegations of sexual abuse meets the objective test, in that sexual assault or abuse by prison officers can meet the standard of "unnecessary and wanton infliction of pain." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997).

However, Plaintiff's claim fails, and Defendants' motion succeeds, on the subjective standard of "deliberate indifference." For a prison official to be held liable under the Eighth Amendment, he must know of and disregard a substantial risk of serious harm. *Farmer*, 511 U.S. at 837. He will not be held liable under a "should have known" standard. *Id.* at 838.

In this case, viewed in a light most favorable to the plaintiff, the evidence does not demonstrate that defendants made the necessary inference required for a finding of liability. Plaintiff's evidence supports Defendants' awareness that Plaintiff and the Defendant Carlson were seen together frequently. Both notified supervisors of that fact. However, no evidence is offered to indicate that either Defendant actually knew of the sexual assault, or drew the inference that it was occurring, as would be necessary to find deliberate indifference. Because Plaintiff has failed to establish deliberate indifference, Defendants are entitled to judgment as a matter of law.

Plaintiff also claims violations of substantive due process under the Fourteenth Amendment. However, "[w]here a particular Amendment 'provides an explicit textual source of constitutional

Powell v. (Bailey) Henry, *et al*, Case No. 05-70435

protection' against a particular sort of government behavior," that Amendment, not the Fourteenth, is the basis to analyze claims. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Plaintiff's claim is therefore controlled by the Eighth Amendment, and as noted, that claim fails.

For the foregoing reasons,

IT IS HEREBY ORDERED that the report and recommendation [DE 25] is ADOPTED as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment [DE 19] is GRANTED.

SO ORDERED.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: February 13, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2007, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager