# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| LEWIS POWELL, | Case No. 05-70435 |
| Plaintiff. | Arthur J. Tarnow |
| | District Judge |
| v. | |
| | Paul Komives |
| BRUCE CARLSON, | Magistrate Judge |
| Defendant. | |

## ORDER ADOPTING REPORT AND RECOMMENDATION [DE 35] and DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE 33]

### I. INTRODUCTION

This is a prisoner civil rights case. The Plaintiff alleges violations of the Eighth and Fourteenth Amendments because of sexual abuse by one Defendant corrections officer. Two other Defendant officers were previously dismissed from the case.

The Court referred the case to Magistrate Judge Komives for report and recommendation on all dispositive matters. The Magistrate Judge recommends that Plaintiff's Motion for Summary Judgement [DE 33] be denied. Plaintiff filed objections, and remaining Defendant filed a response thereto.

The Court has reviewed the Report and Recommendation ("R&R") and the pleadings. For the reasons that follow, the Report and Recommendation is adopted, and Plaintiff's motion for summary judgment is denied.

### II. DISCUSSION

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Where the movant has the ultimate burden of persuasion, the summary judgment standard is higher. That is, the moving party's

> showing must sustain that burden [of persuasion] as well as demonstrate the absence of a genuine dispute. Thus, it must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial.

William W Schwarzer, *et al.*, *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477–78 (1992) (citations omitted). In addition,

> where the movant bears the burden of proof at trial and the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment *even if no opposing evidentiary matter is presented*.

*Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992) (emphasis added).

Plaintiff correctly identifies *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) as the standard that governs a prisoner's claim of excessive force brought under Eighth Amendment prohibitions against cruel and unusual punishment. Evaluating such claims requires the Court to ask whether "the officials acted with a sufficiently culpable state of mind, and if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 8 (quotation marks and citations omitted).

Neither prong is demonstrated sufficiently to entitle Plaintiff to a directed verdict. It is true that both federal and state law criminalize sexual contact between corrections officers and prisoners. *See* M.C.L. § 750.520c(1)(I); 18 U.S.C. § 2243(b). Furthermore,

> because the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the "unnecessary and wanton infliction of pain," forbidden by the Eighth Amendment.

*Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

However, this Circuit and other courts have held that a consensual sexual relationship, although inappropriate, is not an Eighth Amendment violation *per se*. *See Hall v. Beavin*, 1999 WL 1045694, *1 (6th Cir. 1999) ("[T]he evidence establishes that Hall voluntarily engaged in a sexual relationship with Beavin. Thus, Hall's Eighth Amendment claim is without merit."); *see also Stubbs v. DeRose*, 2007 WL 776789, *7 (M.D.Pa. 2007) ("Consensual sex between two adults does not constitute cruel and unusual punishment simply because it occurs within the walls of a prison."); *Phillips v. Bird*, 2003 WL 22953175, *5 (D.Del.2003); *Fisher v. Goord*, 981 F.Supp. 140, 174 (W.D.N.Y. 1997). As *Freitas* stated, "welcome and voluntary sexual interactions, no matter how inappropriate, cannot as matter of law constitute 'pain' as contemplated by the Eighth Amendment." 109 F.3d at 1339.

Defendant was convicted in state court of criminal sexual conduct in the second degree. However, consent or its lack is not an element of that charge. *See People v. Lewis*, No. 211362, 2000 WL 33406760 (Mich.App. Sept. 29, 2000). Faced with Defendant's argument that the sexual acts were consensual, Plaintiff cannot meet the summary judgment burden solely by relying on that conviction.

Although Defendant did not respond to Plaintiff's Motion for Summary Judgment, his position in the record is clear. In both his Answers to Interrogatories [DE 33-6], and a sworn Affidavit [DE 19-3], Defendant asserts that the sexual contact was consensual.

Plaintiff argues in his Objections that Defendant is only describing the five sexual acts which he acknowledged, and that there is no genuine issue of material fact as to the other Plaintiff alleges occurred. This position is illogical and unpersuasive. Plaintiff has not met his burden of showing there is no genuine issue of material fact, nor that he is entitled to a directed verdict on this issue. Accordingly, on the objective component of the *Hudson v. McMillian* test, Plaintiff's motion fails.

It is thus unnecessary to reach the subjective prong of the test. However, the Court agrees with Magistrate Judge Komives that if the sexual acts were consensual, Defendant did not have *Hudson*'s "sufficiently culpable state of mind." Plaintiff's motion fails on this point as well. Therefore,

IT IS HEREBY ORDERED that the report and recommendation [DE 35] is ADOPTED as the findings and conclusions of the Court.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment [DE 33] is DENIED.

SO ORDERED.


S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated: February 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 15, 2008, by electronic and/or ordinary mail.

S/THERESA E. TAYLOR
Case Manager